Sedgwick, Ch. J. (dissenting)
The accident happened in August, 1885. The trial was in October, 1887. At that time the plaintiff testified that by the accident her leg had been broken, her arm fractured, and her scalp torn from her forehead for several inches. She had suffered pain all the time since. She had not been able to walk without crutches to the time of her testifying. The condition of her broken leg interfered with her ability to walk. She could not fill any situation.
The court charged the jury: “ It is for you to consider whether from all that she has said, and from the statements of her present condition, and what you have seen of it, there is a reasonable certainty that these pains will continue and impose upon her a disability of earning her own bread.”
It was understood that the learned judge, by the word pains referred to the injuries received as well as to the pain suffered. For, the exception to the charge was, “to the submission to the jury of the question, whether there is a reasonable certainty upon the evidence that these pains and injuries of the plaintiff will continue and disable her from earning her own livelihood.”
The ground of the exception was’ that the jury were not competent to find whether the consequences would last permanently, or for how long they would last, and that they could pass upon this only by the help of a physician expert. If the charge referred only to the continuousness of the pain, there might be a doubt, which does not exist in this case, as I think. The leg *259 of the plaintiff was broken, she walked with crutches, after two years, in which she-had received professional •care. The jury had some means of observation. I think the common knowledge or common sense of the jury would make them competent to say, in the absence of testimony from an expert, whether it was not reasonably certain that the condition of the broken bone would continue to be as it had been, and have in the future the consequences it had had in the past, and that if her disability to fill a situation had ensued from her broken leg, this disability would not continue.
The exception that has been referred to was the only one argued upon the appeal.
I think the judgment should be affirmed with costs.